IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> ROUGE INDUSTRIES, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 03-13272 (MFW) <br><br> (Jointly Administered) |
| ROUGE STEEL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> QUAKER CHEMICAL CORPORATION, <br><br> Defendant. | Adv. Proc. No. 05-51286 |

**MOTION OF DEFENDANT QUAKER CHEMICAL CORPORATION
TO WITHDRAW BANKRUPTCY REFERENCE**

Quaker Chemical Corporation ("Quaker"), pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), Local Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and Local Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, hereby moves for entry of an order withdrawing the reference of this adversary proceeding (the "Adversary Proceeding").

1.      The Adversary Proceeding, brought by Rouge Steel Company ("Rouge") is an action to avoid an alleged preferential transfers made to Quaker by Rouge.

2.      Pursuant to 28 U.S.C. § 157(d), the District Court should withdraw the reference of this Adversary Proceeding to the Bankruptcy Court because this motion is timely and Quaker has cause for seeking the withdrawal. Additionally, Quaker has cause for seeking withdrawal of the reference, because litigating this Adversary Proceeding in the Bankruptcy Court would

WM\4547\1

deprive Quaker of its right to a jury trial under the Seventh Amendment to the United States Constitution.

## FACTUAL AND PROCEDURAL BACKGROUND

3. On October 23, 2003, each of the above-captioned debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

4. On May 4, 2005, Rouge commenced this Adversary Proceeding seeking to recover $404,839.94 pursuant to Section 547 of the Bankruptcy Code (the "Complaint").

5. On June 2, 2005, Quaker filed its answer and affirmative defenses (the "Answer") to the Complaint, in which it demanded a jury trial.

6. Quaker has not filed any proof of claim in the debtors' bankruptcy cases.

7. Pursuant to Local Bankruptcy Rule 5011-1, Quaker has simultaneously filed a motion to determine whether the proceeding at issue is core or non-core.[1] Section 157(b)(2)(F) of title 28 specifically provides that "[c]ore proceedings include . . . proceedings to determine, avoid, or recover preferences." 28 U.S.C. § 157(b)(2)(F).

## ARGUMENT

8. Section 157(a) of title 28, United States Code, allows the district court to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judge for the district. 28 U.S.C. § 157(a). This proceeding was referred to the Bankruptcy Court pursuant to Section 157(a) and a standing order of reference dated December 15, 2000.

---

[1] In its Answer, Quaker admitted that this Adversary Proceeding is a core proceeding.

9. Section 157(d) governs permissive and mandatory withdrawal of the reference to the Bankruptcy Court.[2] The first sentence of Section 157(d) governs permissive withdrawal of the reference. It states, in relevant part, that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party for cause shown." 28 U.S.C. § 157(d).

10. The instant motion is timely because it has been filed at the first reasonable opportunity in this Adversary Proceeding. See 9 Collier on Bankruptcy ¶ 5011.01[2] at 5011-9 (15th ed. rev. 2003). A motion to withdraw reference need not be simultaneously filed with the answer to be considered timely. See In re Chemetco, Inc., 308 B.R. 339 (Bankr. S.D. Ill. 2004). For example, in In re Auto Specialities Manufacturing Co., the Court held that a motion to withdraw reference was timely nine months later than the filing of an initial claim. See 134 B.R. 227, 228 n.1 (W.D. Mich. 1990).

11. The Seventh Amendment to the United States Constitution provides as follows: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const. amend. VII. In Langenkamp v. Culp, the Supreme Court expressly confirmed that the right to a jury trial under the Seventh Amendment applies to parties to a preference action. See Langenkamp, 498 U.S. 42, 44 (1990). The Supreme Court held that "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." Id. at 45. Quaker has not asserted any claims against the debtors' estates or otherwise consented to the jurisdiction of the Bankruptcy Court. Accordingly, Quaker is entitled to a jury trial.

---

[2] Quaker does not contend that this proceeding is subject to mandatory withdrawal, rather Quaker submits that "cause" exists to withdraw the reference.

12. Additionally, the Bankruptcy Court would not be able to conduct a jury trial in this Adversary Proceeding. A bankruptcy court only has authority to conduct a jury trial "if specifically designated to exercise such jurisdiction by the district court <u>and</u> with the express consent of <u>all</u> the parties." 28 U.S.C. § 157(e) (emphasis added). Quaker does not consent to a jury trial in the Bankruptcy Court. Under these circumstances, courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference. <u>See</u> <u>e.g.</u>, <u>In re Kenai Corp.</u>, 136 B.R. 59, 61 (S.D.N.Y.1992). Further, a recent decision of the United States District Court for the District of Delaware is directly on point in finding that when a defendant in a preference adversary proceeding properly requests a jury trial, the reference to the Bankruptcy Court should be withdrawn. <u>Hutchins v. APCC Services, Inc. (In re: Star Creditors' Liquidating Trust)</u>, No. 03-793-KAJ, 2004 U.S. Dist. LEXIS 3279 (Del. March 3, 2004).[3] In this case, the District Court cited <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33(1989), as being dispositive on the right to a jury trial, and also held that "considerations of judicial economy favor withdrawal. Because it is essentially conceded that Quaker entitled to a jury trial, it appears more efficient for this court to manage the case through the pretrial process." <u>Hutchins</u>, 2004 U.S. Dist. LEXIS 3279, at *5.

13. In discussing the factors that a court should consider in deciding whether there is "cause" to withdraw the reference, this Court, in <u>In re NDEP Corp.</u>, emphasized the importance of the request for a jury trial. <u>See</u> <u>NDEP Corp. v. Handl-It, Inc.</u>, 203 B.R. 905, 908 (D. Del.

---

[3] Quaker recognizes that the United States District Court for the District of Delaware has issued conflicting opinions with respect to the timing of the withdrawal of the reference. *See Official Committee of Unsecured Creditors of the IT Group v. Advanced Masonry, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-1430-JJF (D. Del. Nov. 22, 2004), and *Official Committee of Unsecured Creditors of the IT Group v. Instrument Sciences and Tech, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-857-JJF (D. Del. Dec. 17, 2004).

1996).  There, the Court wrote "[the demand for a jury trial] is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial."  Id.  Because Quaker has a constitutional right to a jury trial, which only the District Court can conduct, "cause" exists for withdrawing the reference.

    WHEREFORE, Quaker respectfully requests that the District Court grant its motion for withdrawal of the reference to the Bankruptcy Court, and grant such other and further relief as the Court deems just and proper.

Dated: July 29, 2005

/s/  Howard A. Cohen
Howard A. Cohen (DE 4082)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE  19801-1254
(302) 467-4200

Attorney for Defendant